which showed the police moving the victim's body at the crime scene. Finding no error in the admission of the videotape, we affirm.

1. Following a viewing of the videotape outside the presence of the jury, appellant objected to showing the movement of the body and the associated sounds. Appellant proposed that the prosecution eliminate the sound, stop the videotape before the body was turned over, excuse the jury, advance the videotape outside their presence, and then recall the jury and show the repositioned body. The prosecution agreed and that procedure was followed. Any arguable error was self-induced and cannot be grounds for reversal. *Sullens v. State*, 239 Ga. 766 (2) (238 SE2d 864) (1977). Furthermore, videotapes are generally admissible with the same limitations and on the same grounds as photographs. *Bullard v. State*, 263 Ga. 682 (5) (436 SE2d 647) (1993). Videotapes, like still photographs, are admissible when relevant to an issue, even if inflammatory. *Simon v. State*, 253 Ga. 681 (2) (324 SE2d 455) (1985). The videotape was material and relevant to the issue of the position of the victim's body when she was killed and appellant's claim of self-defense. Accordingly, we find no merit in his sole enumeration of error.

2. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found appellant guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 1, 1996.

*Jill L. Anderson, Mary Erickson,* for appellant.
*David McDade, District Attorney, Michael J. Bowers, Attorney General, Wesley S. Horney, Assistant Attorney General,* for appellee.

S96Y0956, S96Y0957, S96Y0958, S96Y0959, S96Y0960, S96Y1370, S96Y1372. IN THE MATTER OF WILLIAM JOSEPH HOWARD.
(471 SE2d 891)

PER CURIAM.

Both the investigative panel and the review panel of the State Disciplinary Board recommend the disbarment of William Joseph Howard. He has been under an emergency suspension since April 1996 after we concluded that he posed a substantial threat of harm to his clients and the public.

The investigative panel filed five notices of discipline against Howard. It found that Howard violated 17 different standards of

State Bar Rule 4-102 (d), including Standards 4, 45, 63, and 65 in each case. Specifically, he refused to pay settlement money to two clients, failed to reimburse two persons for checks returned because of insufficient funds, and forged a judge's signature on an order to end the garnishment of a client's wages. Although all five notices were personally served on Howard, he has not filed a notice rejecting the proposed discipline and consequently is in default in each case. See Bar Rule 4-208.1 (b).

In the remaining two cases, the special master and the review panel found Howard was in default for failing to respond to two formal complaints that were personally served on him. Under Bar Rule 4-212 (a), all of the facts alleged and violations charged are deemed admitted when a lawyer does not respond. The review panel found Howard violated Standards 4, 22, 23, 44, and 45 when he misled two clients concerning the status of their divorce cases, failed to obtain a divorce for either client, and forged an affidavit to mislead one client and the court.

Because Howard has disregarded the professional duties that he owes to his clients and the legal system and disbarment is an appropriate sanction for his violations, we adopt the recommendations of both panels. Accordingly, we order that William Joseph Howard be disbarred from the practice of law in the State of Georgia and his name be removed from the roll of individuals licensed to practice in this state.

*Disbarred. All the Justices concur.*

DECIDED JULY 1, 1996.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Tarpley & Associates, John H. Tarpley,* for Howard.

S96Y0998. IN THE MATTER OF PETER J. QUIST.
(475 SE2d 910)

PER CURIAM.

The State Bar of Georgia has petitioned this Court, pursuant to State Bar Rule 4-108, for an emergency suspension of Peter J. Quist pending final disposition of disciplinary proceedings.

This Court appointed a special master to conduct a hearing on